UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| BRIAN KERRY O'KEEFE,<br><br>                   Plaintiff,<br>    v.<br><br>COUNTY OF CLARK, *et al.*,<br><br>                  Defendants. | Case No. 3:24-cv-00377-MMD-CLB<br><br>ORDER |

**I.    SUMMARY**

Pro se Plaintiff Brian Kerry O'Keefe, who is incarcerated in the custody of the Nevada Department of Corrections at Lovelock Correctional Center, seeks to file a complaint against Defendants County of Clark, Clerk of Court of the Eighth Judicial District Court, Chief Deputy District Attorney John Afshar, District Judge Jennifer Schartz and Doe Defendants arising out of a criminal case unrelated to the case for which he is being held in custody. (ECF No. 1-1.) Before the Court is the Report and Recommendation ("R&R") of United States Magistrate Judge Carla L. Baldwin recommending the Court grant Plaintiff's *in forma pauperis* applications (ECF Nos. 1, 4) and dismiss the complaint without prejudice and without leave to amend. (ECF No. 7.) Plaintiff timely filed an objection to the R&R. (ECF No. 8 ("Objection").)  Because the Court agrees with Judge Baldwin, the Court will overrule the Objection and adopts the R&R in full.

**II.    DISCUSSION**

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's R&R, the Court is required to "make a de novo determination of those portions of the R&R to which objection is made." *Id.* As Plaintiff

objects to Judge Baldwin's recommendation, the Court will review the recommendation de novo.

Judge Baldwin construed the allegations in the complaint as Plaintiff attempting to seek a writ of coram nobis relating to his state criminal conviction. (ECF No. 7 at 3.) So construed, Judge Baldwin found that a writ of coram nobis is issued by a court to correct its own errors—not to correct errors of another court—and such a writ cannot be filed in federal court by an individual seeking to challenge a state court decision. (*Id.*) A writ of error coram nobis allows a court to vacate its own judgment where errors "are of the most fundamental characters" to render the proceedings "invalid." *Estate of McGivney v. United States*, 71 F.3d 779, 781-782 (9th Cir. 1995) (quoting *Hirabayashi v. United States,* 828 F.2d 591, 604 (9th Cir.1987)). The Court agrees with Judge Baldwin that the Court lacks jurisdiction over Plaintiff's complaint.

In his Objection, Plaintiff argues that he is asserting a claim under 28 U.S.C. § 1983, "seeking damages from Defendant County of Clark with alternative remedies to include a possible reparative injunction to Defendant Jane Doe 1 and Grierson to refile Plaintiff's petition" where he apparently sought declaratory judgment "that includes a petition for a writ of coram nobis as a protected liberty interest." (ECF No. 8 at 2.) Plaintiff therefore appears to clarify that he is not seeking a writ of coram nobis from this Court. In fact, Plaintiff states that he "in no manner requested any type of writ-federal under the All Writs Act." (*Id.*) However, the three claims asserted in the complaint all seem to relate to proceedings in the state court and to the alleged failure to properly consider Plaintiff's petition for coram nobis and to provide Plaintiff a fair proceeding. (ECF No. 1-1 at 3-5.)

In sum, the Court agrees with Judge Baldwin's recommendation and will overrule Plaintiff's Objection.

### III. CONCLUSION

It is therefore ordered that Plaintiff's Objection (ECF No. 8) to Judge Baldwin's Report and Recommendation (ECF No. 7) is overruled.

It is further ordered that Plaintiff's *in forma pauperis* applications (ECF Nos. 1, 4)

are granted. Plaintiff's amended *in forma pauperis* application (ECF No. 9) is denied as moot.

It is further ordered that Plaintiff not be required to pay an initial installment fee. However, the full filing fee will still be due at the completion of this action regardless of if it is dismissed or otherwise unsuccessful. *See* 28 U.S.C. § 1915(b)(1).

It is further ordered that the Nevada Department of Corrections pay the Clerk 20% of Plaintiff's preceding months depositions until the full $350 filing fee is paid, and the Court will also adopt this recommendation. (ECF No. 7 at 5); *see* § 1915(b)(2) ("After payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account.").

It is further ordered that the Clerk of Court file the complaint (ECF No. 1-1).

It is further ordered that the complaint is dismissed, without prejudice and without leave to amend.

It is further ordered that the Clerk of Court enter judgment in accordance with this order and close this case.

DATED THIS 28th Day of January 2025.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE